The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Laura Kranfeld Mavretic and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the Opinion and Award.
* * * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the injuries giving rise to these claims, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between the plaintiff and defendant-employer.
3. Fireman's Fund Insurance Company was the compensation carrier on the risk.
4. Plaintiff's average weekly wage as of 2 January 1991 was $352.24, yielding a compensation rate of $234.84. Her average weekly wage as f 11 June 1992 was $392.07, yielding a compensation rate of $261.39.
5. Plaintiff's medial records were stipulated into evidence as Stipulated Exhibit 1.
6. The personnel records for plaintiff were stipulated into evidence as Stipulated Exhibit 2.
7. Through a non-contributory plan provided to plaintiff by defendant-employer, plaintiff received disability benefits from 19 November 1992 through 29 May 1993 in the amount of $5,929.65.
8. Through a non-contributory plan provided to plaintiff by defendant-employer, since 20 May 1993, plaintiff has been receiving and continues to receive extended disability payments in the amount of $837.00 per month.
* * * * * * * * * * * *
RULINGS ON EVIDENTIARY MATTERS
The objections raised by counsel at the deposition of Dr. David Tomaszek, Dr. Jonathan Dewald, and Dr. Margaret Sowerwine are ruled upon in accordance with the applicable provisions of the law and this Opinion and Award.
* * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the deputy commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing before Deputy Commissioner Mavretic in this matter, the plaintiff was forty-six years old. She is a high school graduate and has some computer training. Her prior work experience includes sewing machine operator, secretary/receptionist, and maintenance coordinator.
2. Plaintiff began working for defendant-employer in April of 1990 as a production operator.
3. On 2 January 1991, plaintiff allegedly slipped on a wet spot in the plant restroom and fell, injuring her lower back, neck, right shoulder and arm. She reported this injury to her supervisor, to the plant nurse and to the plant doctor, Margaret Sowerwine.
4. Dr. Sowerwine referred plaintiff to Dr. Nelson Macedo, a neurosurgeon, and Dr. Robert Steinberger, an orthopaedic surgeon. Plaintiff missed only five days of work and then resumed her job duties, despite continuing problems with headaches and paddy in her lower back radiating into the right hip and knee.
5. Defendant-employer filed a Form 19, Employer's Report of Injury to Employee, on 28 February 1991. Plaintiff's first contact with the Industrial Commission was a letter of Representation by her attorney dated 21 April 1993 and a subsequent Form 33, Request for Hearing, filed 24 May 1993, both of which were filed over two years after the date of the alleged injury by accident.
6. Plaintiff did not file a claim with the Industrial Commission or in any was request a hearing within two years of the alleged injury on 2 January 1991. There is no evidence of record that defendant-employer or its carrier induced plaintiff into any delay in filing a claim with the Commission for the alleged injury.
7. Plaintiff continued to work for defendant-employer after this incident. On 11 June 1992 she sustained an injury by accident arising out of and in the course of her employment with defendant-employer. Plaintiff tripped on a metal tripod and fell to the concrete floor. As a result of this accident, plaintiff injured her back, head, leg, and left arm. She reported the accident to the company nurse and to Dr. Sowerwine, who referred her to treatment by several physicians.
8. Plaintiff was unable to work for two weeks and then returned to her job duties. Despite her continuing pain, plaintiff continued to work for economic reasons because of her husband's inability to work due to illness. Plaintiff sought medical treatment for back pain during this four and a half month period. Her last day of work was 19 November 1992.
9. The fall which occurred on 11 June 1992 materially aggravated plaintiff's pre-existing but previously asymptomatic degenerative disk disease. As a result of plaintiff's aggravating injury by accident on 11 June 1992, plaintiff has disk space narrowing of the lumbar spine at L1-L2 and L3-L4 levels and radiculitis in the cervical and lumbar regions. She has been treated on a continuing basis by Dr. Tomaszek, a neurosurgeon, who does not recommend surgery. Her condition could possibly be improved by a spinal cord stimulator or a structured multi-disciplinary chronic pain management program.
10. There is insufficient evidence of record from which to prove by its greater weight that plaintiff's current disability is caused by the pre-existing degenerative disk disease, the injuries allegedly received on 2 January 1991, or by her recurring emotional problems. Her disability is causally related to the aggravating injury by accident on 11 June 1992.
11. As a result of the aggravating injury by accident and plaintiff's chronic pain, she is unable to return to her former job on the assembly line. She is restricted to jobs involving no repetitive use of her arms or hands, no repetitive standing, twisting, lifting or bending. She is capable of performing light sedentary work which offers her the flexibility to frequently change positions.
12. Plaintiff has not worked or sought employment since 19 November 1992. Defendant-employer did not offer plaintiff any work which was within her capacity to earn wages nor did defendant-employer provided any vocational rehabilitation assistance in order to retain her for suitable work.
* * * * * * * * * * * *
Based upon the findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Proper filing of a claim within two years of an accident is a condition precedent to jurisdiction by the North Carolina Industrial Commission. G.S. § 97-24(a).
2. Since plaintiff did not file a clam for the alleged injury on January 2 1991, with the Industrial Commission within the two year period prescribed by G.S. § 97-24, plaintiff is barred from receiving compensation under the North Carolina Workers' Compensation Act. G.S. § 97-24(a).
3. Defendants are not estopped to rely on G.S. § 97-24 to bar plaintiff's claim for the alleged injury on 2 January 1991. G.S. § 97-24.
4. On 11 June 1992, plaintiff sustained an jury by accident arising out of and in the course of her employment with defendant-employer. G.S. § 97-2(6).
5. As a result of plaintiff's aggravating injury by accident which occurred on 11 June 1992 and her resulting pain, plaintiff was disabled from work and is entitled to receive compensation for temporary total disability at the rate of $261.39 per week from 20 November 1992 and continuing thereafter until plaintiff returns to work or defendant-employer obtains permission from the Industrial Commission to cease said payments. G.S. §97-29.
6. Defendant-employer is entitled to a credit for the short term and extended disability benefits paid by defendant-employer to plaintiff. G.S. § 97-42.
7. Plaintiff is entitled to payment of all medical expenses by defendant-employer as a result for her compensable injury on 11 June 1992 for so long as such examinations, evaluations, and treatment s may reasonably be required to effect a cure, or give relief, and will tend to lesson plaintiff's period of disability. G.S. § 97-25.
* * * * * * * * * * * * * * *
AWARD
Based on the foregoing findings of fact and conclusions of law, The Full Commission affirms the holding of the deputy commissioner and enters the following:
1. Defendant-employer shall pay plaintiff temporary total disability compensation at the rate of $261.39 per week for the period from 20 November 1992 and continuing until plaintiff returns to work or defendant-employer obtains permission from the Industrial Commission to Cease payment of temporary total disability compensation. Amounts which have accrued shall be paid to plaintiff in a lump-sum, subject to the attorney's fee approved below.
2. A credit for the amount paid by the defendant-employer for short-term and extended disability shall be deducted from the compensation awarded in Paragraph (1).
3. Defendant employer shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of her compensable injury on 11 June 1992, for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability according to approved Industrial Commission Procedures.
4. A reasonable Attorney's Fee of twenty-five Percent of the compensation due plaintiff in Paragraph (1) of this Award is approved for plaintiff's counsel and shall be paid as follows: Twenty-five percent of the lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel. Consideration and designation of this attorney's fee contemplates that counsel for plaintiff shall continue and is hereby ORDERED to monitor the submission of medical expenses to defendant-employer.
* * * * * * * * * * * *
ORDER
1. Plaintiff's claim under the Industrial Commission Docket Number 116863 is hereby DISMISSED for lack of jurisdiction.
2. Defendant-employer shall pay the costs due this Commission.
 S/ __________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
S/ __________________ COY M. VANCE COMMISSIONER